■ In the Matter of the Claim of SELMA FEENBERG, on Behalf of Herself and Minor Child, Respondent, against CITRO MANUFACTURING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Decedent was employed as a route serviceman delivering merchandise to customers in the employer's sales promotion business. He died on March 21, 1954 of a heart condition which the board has found was causally related to an accident on February 2, 1954 in the course of employment. The main issue on appeal is whether there is substantial evidence of the occurrence of an accident. A groceryman in Bridgeport, Connecticut, to whom decedent was delivering merchandise testified that from his store he saw decedent "struggling with the tail of the truck * * * the tail board was up * * * and I know he had an awful time getting it down, or opening it up; I don't know which it was". Immediately after these observations the grocer testified decedent came into his store and "he says he didn't feel good" and "looked very pale" and was "perspiring quite a lot". Decedent was sent to a hospital immediately and cardiac symptoms were observed. In our opinion the words of the grocer of what he observed sufficiently articulated the description of an accident. The words described heavy effort in the work followed immediately by acute symptoms. The decedent had a long history of a type of heart disease from which he was found suffering when admitted to the hospital at Bridgeport and from which he died the following month; but there is medical testimony by a physician who had been treating him that up until the experience of February 2 his heart disease was sufficiently compensated and apparently getting no worse; but that immediately after that time decedent showed adverse signs of heart failure. There is adequate medical opinion that the accident as described played a causative part in his death. One physician developed in detail the medical theory that the long period of the acute attack following the February 2 accident was a factor in causing death. Both the occurrences of an accident and the medical association of the accident and death are sufficiently supported in the record. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.